IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

In re the Application of:

TAMMY ELLEN WILLING,

       Petitioner,

  vs.

TREVOR PURTILL,

       Respondent.

                             O R D E R
Civ. No. 07-1618-AA

AIKEN, Judge:

      Pursuant to Fed. R. Civ. P. 54, petitioner moves for an award of attorney fees and costs. Respondent is unrepresented in this action and has not filed any opposition to the motion. Petitioner's motion is granted in the amount of $28,669.65 for attorney fees, $10,052.30 for costs, for a total award of $38,721.95.

DISCUSSION

      Petitioner brought this petition for return of her children to Australia under the Hague Convention on the Civil Aspects of International Child Abduction, and its implementing legislation, the International Child Abduction Remedies Act (ICARA). 42 U.S.C. §§ 11601 et seq. After a one day bench trial, this court

1 - ORDER

1  granted the petition and ordered the return of the children to

2  their "habitual residence" (Australia).

3      Petitioner now moves for attorney fees and costs.  The court

4  notes that ICARA requires any court ordering the return of a

5  child under the Hague Convention to award fees and costs to the

6  successful  party  unless  such  order  would  be  "clearly

7  inappropriate."  42 U.S.C. § 11607(b)(3).  The statute holds, in

8  part:

9      (b) Costs incurred in civil actions

10      * * *

11      (3) Any court ordering the return of a child pursuant to
    an action brought under section 11603 of this title shall
12      order the respondent to pay necessary expenses incurred
    by or on behalf of the petitioner, including court costs,
13      legal fees, foster home or other care during the course
    of the proceedings in the action, and transportation
14      costs related to the return of the child, unless the
    respondent establishes that such an order would be clearly
15      inappropriate.

16  Id.

17      The purpose of this requirement is to restore the petitioner

18  to the financial position she would have been in had there been

19  no removal and to deter such conduct from happening in the first

20  place.  See Convention Text and Legal Analysis, 51 Fed.Reg.

21  10494, 10511 (Mar. 26, 1986).

22      Petitioner  incurred  a  total  of  $10,052.30  in  expenses

23  related to the return of the children.  Those costs include

24  postage/deliver services, photocopies, faxes, court reporter

25  fees, computer research, investigation service fees, emergency

26  passports, excess luggage (for the children), meals, attorney

27  lodging  costs,  Australian  domestic  flights,  international

28  flights, and client lodging.   The court awards petitioner the

2 - ORDER

full amount of her expenses finding they were both necessary and reasonable. See 42 U.S.C. § 11067(b)(3), and Fed. R. Civ. P. 54. Therefore, costs in the amount of $10,052.30 are awarded to petitioner.

Petitioner also requests a total of $33,729 in attorney fees. That amount includes the services of four lawyers and one legal assistant ranging in hourly rates from $75 to $300 per hour, for a total of 121 hours. Due primarily to respondent's financial circumstances, particularly his unemployment, and the fact petitioner will be reimbursed all of her expenses, the court finds the request for attorney fees somewhat excessive. Courts have discretion to reduce any potential award to allow for the financial condition of the respondent. See Rydder v. Rydder, 49 F.3d 373-74 (8th Cir. 1995). Further, the court believes a fee award which unduly limits respondent's ability to support his children would be "clearly inappropriate." Consequently, the court reduces petitioner's attorney fee request by 15% resulting in a fee award of $28,669.65. See Rydder, 49 F.3d at 374 (reducing fee award from $18,487 to $10,000 due to respondent's "straitened financial circumstances"); In re Application of Hirts, 2004 WL 1588227 at *1 n.1 (E.D. Pa. 2004) (reducing requested fee award from $31,958 to $20,000); and Cook v. Cook, 2007 WL 3120122 (D. Ariz. 2007) (reducing requested fee award from $24,187 to $15,000 as "more equitable."). The court will not reduce the fee request beyond 15% in recognition of the legal complexity and logistical difficulty provided by these types of cases generally, and this case in particular. The court further finds that an award of $28,669.65 is sufficient to deter future

1    violations of the Convention.

2                              CONCLUSION

3        Petitioner's Motion for Attorney Fees and Costs (doc. 44) is

4    granted in the amount of $28,669.65 in attorney fees, and

5    $10,052.30 in costs, for a total award of $38,721.95.

6    IT IS SO ORDERED.

7        Dated this 31 day of January 2008.

8

9

10

11                            _____
                                        Ann Aiken
12                            United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28


4 - ORDER